IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

MICHELLE LONG  
123 CROSS FOXES DR.  
FORT WASHINGTON, MD 20744  

    Plaintiff,

v.                                                     Case No.:

MGM NATIONAL HARBOR, LLC  
3950 LAS VEGAS BLVD. SOUTH  
LAS VEGAS, NV 89119  
        SERVE ON:  
CSC LAWYERS INCORPORATING  
SERVICE COMPANY  
7 PAUL ST.  
SUITE 820  
BALTIMORE, MD 21202  

    Defendant

## COMPLAINT
(Premises Liability - Negligence)

### I. INTRODUCTION

Plaintiff, Michelle Long, by and through counsel, Shari Cohen Boscolo and **CHASEN**BOSCOLO INJURY LAWYERS, brings this cause of action against Defendant MGM National Harbor, LLC for damages resulting from negligence in maintaining their property and for the negligence of their agents.

### II. JURISDICTION AND VENUE

1. This court's subject matter jurisdiction over this action is based on Md. Cts. & Jud. Proc. Code Ann. Section 1-501.

2. This Court's personal jurisdiction in this action is based on Md. Cts. & Jud. Proc. Code Ann. Section 6-102 and 6-103.

3. Venue is properly vested in this Court pursuant to Md. Cts. & Jud. Proc. Code Ann. Section 6-201(a) and (b).

### III. PARTIES

4. Michelle Long (hereinafter "Ms. Long") is a female resident of the City of Fort Washington in Prince George's County, Maryland.

5. Upon information and belief, Defendant MGM National Harbor (hereinafter Defendant "MGM") is a Nevada corporation authorized to do business in the State of Maryland, including Prince George's County, Maryland. This Defendant MGM engages in a regular and ongoing course of conduct availing itself of economic benefits in the State of Maryland.

## IV. STATEMENT OF FACTS

6. On June 2, 2019, at approximately 8:30 AM, Ms. Long was walking through the lobby of the MGM National Harbor located at 101 MGM National Ave., Oxon Hill, MD 20745 in Prince George's County (hereinafter "the Premises").

7. At that time, the lobby floor was wet as the floor had been recently mopped but not dried, and the lobby area was not closed off for customers, nor were there any wet floor warning signs, creating a dangerously slippery floor and hazardous condition for everyone on the premises.

8. As Ms. Long was walking through the lobby, she slipped and fell on the wet floor causing severe physical and emotional injuries.

9. There were no warnings signs to alert customers of the slipping hazard of the dangerously slippery floor, resulting in dangerous, and hazardous conditions for everyone on the premises.

10. Defendant MGM knew or should have known that the floor of the lobby was wet, as Defendant MGM had control over inspecting, cleaning, mopping and drying the floors and keeping the lobby floor reasonably dry.

11. Defendant MGM created the condition and allowed liquid to accumulate on the floor while patrons were on the premises and using the lobby, without placing any matting to dry the area, without mopping or otherwise drying the area, and without putting up any wet floor warning signs.

12. At the time of the incident, Defendant MGM, its agents, servants and employees, owed Ms. Long, an invitee, and everyone on its premises a duty to use reasonable care to see that the portions of the premises that invitees may use are kept safe and the premises are kept in a reasonably safe condition.

13. Defendant MGM had the duty to have proper staffing to protect everyone on its premises from being injured.

14. Defendant MGM had the duty to properly inspect its premises for slipping hazards to protect everyone on its premises from being injured.

15. Defendant MGM had the duty to promptly clean liquid on the floors of its premises to protect everyone on its premises from being injured.

16. Defendant MGM had the duty to have visible wet floor warning signs or make announcements of dangerous conditions, such as slipping hazards to protect everyone on its premises from being injured.

17. Defendant had the duty to promptly mop or dry liquid on its floors to protect everyone on its premises from being injured.

18. Defendant had the duty to have proper matting to keep the floors of its premises dry to protect everyone on its premises from being injured.

19. Defendant had the duty to use proper flooring and surface materials including special finishes, mats, tapes, grooving, and texturing to protect everyone on its premises from being injured.

20. Defendant MGM had the duty, in general, to be reasonably careful in the choices it made about maintaining its premises to protect everyone on the premises from being injured.

21. Defendant MGM had the duty, in general, to be reasonably careful in displaying warnings about dangerous and/or defective conditions or slipping hazards of which it was aware or had reason to know of to protect everyone on its premises from being injured.

22. Defendant had the duty to repair or replace any dangerous or defective conditions on its premises to protect everyone on its premises from being injured.

23. Defendant MGM had the duty to properly train its employees to protect everyone on the premises from being injured.

24. Defendant MGM had the duty to properly supervise its employees to protect everyone on its premises from being injured.

25. Defendant MGM had the duty to hire safe, qualified employees to protect everyone on the premises from being injured.

26. Defendant MGM had the duty to only retain safe, qualified employees to protect everyone on the premises from being injured.

27. Defendant MGM had the duty to close a lobby off to invitees when it has just been mopped to allow time to dry and to protect everyone on the premises from being injured.

28. Defendant MGM had the duty to properly maintain its premises and not allow liquid to accumulate on its floors leaving them dangerously slippery when wet to protect everyone on the premises from being injured.

29. Defendant MGM breached these duties by failing to use reasonable care to see that the portions of the premises that invitees may use are kept safe and that the premises are kept in a reasonably safe condition.

30. Defendant MGM breached these duties by choosing not to have proper staffing to protect everyone on its premises from being injured.

31. Defendant MGM breached these duties by choosing not to properly inspect its premises for slipping hazards to protect everyone on the premises from being injured.

32. Defendant MGM breached these duties by choosing not to to promptly clean liquid on the floors of its premises to protect everyone on its premises from being injured.

33. Defendant MGM breached these duties by choosing not to have wet floor or visible warning signs or make announcements of slipping hazards or other dangerous conditions to protect everyone on its premises from being injured.

34. Defendant MGM breached these duties by choosing not to mop or dry liquid on its floors to protect everyone on its premises from being injured.

35. Defendant MGM breached these duties by choosing not to have proper matting to keep the floors of its premises dry to protect everyone on its premises from being injured.

36. Defendant MGM breached these duties by choosing not to be reasonably careful in the choices it made about maintaining its premises to protect everyone on the premises from being injured.

37. Defendant MGM breached these duties by choosing not to use proper flooring and surface materials including special finishes, mats, tapes, grooving, and texturing to protect everyone on its premises from being injured.

38. Defendant MGM breached these duties by choosing not to be reasonably careful in displaying warnings about dangerous and/or defective conditions or slipping hazards of which it was aware or had reason to know of to protect everyone on its premises from being injured.

39. Defendant MGM breached these duties by choosing not to repair or replace any dangerous or defective conditions on its premises to protect everyone on its premises from being injured.

40. Defendant MGM breached these duties by choosing not to properly train its employees to protect everyone on the premises from being injured.

41. Defendant MGM breached these duties by choosing not to properly supervise its employees to protect everyone on the premises from being injured.

42. Defendant MGM breached these duties by choosing not to hire safe, qualified employees to protect everyone on the premises from being injured.

43. Defendant MGM breached these duties by choosing not to only retain safe, qualified employees to protect everyone on the premises from being injured.

44. Defendant MGM breached these duties by choosing not to to close a lobby off to invitees when it has just been mopped to allow time to dry and to protect everyone on the premises from being injured.

45. Defendant MGM breached these duties by failing to properly maintain its premises and not allow liquid to accumulate on its floors leaving them dangerously slippery when wet to protect everyone on the premises from being injured.

46. As a direct and proximate result of the conduct of the Defendant's negligence, Ms. Long suffered severe, permanent, and uncompensated harms and losses. These harms and

losses include past, present, and future pain, suffering, immobility and disfigurement. These harms and losses caused and continue to cause Ms. Long to expend sums of money for hospitals, physicians, and related care and treatment as well as lost wages. Mr. Long suffered and continues to suffer from mental and emotional harms and losses, including isolation, loss of mobility, anger, humiliation, fright, and anguish.

47. Ms. Long neither contributed to the violation of the safety rules which caused this fall nor assumed the risk of the injuries sustained.

## IV. STATEMENT OF CLAIMS

### COUNT I

#### (Negligence)

48. Plaintiff, Michelle Long, incorporates the allegations of paragraphs one through forty-seven above and, in addition, avers that the negligence by Defendant MGM National Harbor, LLC caused harm to Ms. Michelle Long and constitutes a failure to be reasonably careful, allowing for monetary damages.

### COUNT II

#### (Agency/Vicarious Liability)

49. Plaintiff, Michelle Long, incorporates the allegations of paragraphs one through forty-eight above and, in addition, avers that the negligence by Defendant MGM National Harbor, LLC and its agents/employees caused harm to Ms. Michelle Long and constitutes a failure to be reasonably careful, allowing for monetary damages.

### COUNT III

#### (Negligent Hiring, Training, Retention and Supervision)

50. Plaintiff, Michelle Long, incorporates the allegations of paragraphs one through forty-nine above and, in addition, avers that the negligent hiring, training, retention and supervision of its employees/agents by Defendant MGM National Harbor, LLC caused harm to Ms. Michelle Long and constitutes a failure to be reasonably careful, allowing for monetary damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Michelle Long prays for a judgement in her favor against Defendant MGM National Harbor and that damages be allowed in an amount equal to past, present and future medical expenses, past present and future loss of wages, along with past, present, and future pain and suffering in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus interest from the date of the subject occurrence and costs of this suit together with such other and further relief as this Court deems proper.

## JURY DEMAND

Michelle Long demands a trial by jury on all issues presented.

Respectfully submitted,

**CHASEN**BOSCOLO

By: _____
Shari Cohen Boscolo
scboscolo@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770
Telephone: (301) 220-0050
Facsimile: (301) 474-1230
Counsel for the Plaintiff